**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Grant Wiggs**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Historic Palace Saloon and Restaurant, LLC**, an Arizona Limited Liability Company; **Dennis McCormick and Deborah McCormick**, a Married Couple; and **Scott Stanford and Martha MeKeel**, a Married Couple, | |
| Defendants. | |

Plaintiff, Grant Wiggs ("Plaintiff"), sues Defendants, Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") 23-362, et seq.; and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. <u>See</u> 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Yavapai County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Historic Palace Saloon and Restaurant, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Historic Palace Saloon and Restaurant, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

9. Defendant Historic Palace Saloon and Restaurant, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Historic Palace Saloon and Restaurant, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Historic Palace Saloon and Restaurant, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Historic Palace Saloon and Restaurant, LLC is subject to liability under the FLSA.

11. Defendants Dennis McCormick and Deborah McCormick are, upon information and belief, husband and wife. They have caused events to take place giving

rise to the claims in this Complaint as to which their marital community is fully liable. Dennis McCormick and Deborah McCormick are owners of Defendant Historic Palace Saloon and Restaurant, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Dennis McCormick and Deborah McCormick are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Dennis McCormick and Deborah McCormick are owners of Defendant Historic Palace Saloon and Restaurant, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Dennis McCormick and Deborah McCormick are subject to individual liability under the FLSA.

13. Defendants Scott Stanford and Martha MeKeel are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Scott Stanford and Martha MeKeel are owners of Defendant Historic Palace Saloon and Restaurant, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Scott Stanford and Martha MeKeel are employers. The FLSA defines "employer" as any individual who acts directly or

-4-

indirectly in the interest of an employer in relation to an employee. Scott Stanford and Martha MeKeel are owners of Defendant Historic Palace Saloon and Restaurant, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Scott Stanford and Martha MeKeel are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel.

20. At all relevant times, Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel.

22. At all relevant times, Plaintiff was an "employee" of Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel as defined by the Arizona A.R.S. § 23-350, et seq.

23. At all relevant times, Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel were and continue to be "employers" as defined by A.R.S. § 23-350.

24. At all relevant times, Plaintiff was an "employee" of Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel were and continue to be "employers" as defined by A.R.S. § 23-362.

26. Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel

individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendants Historic Palace Saloon and Restaurant, LLC; Dennis McCormick and Deborah McCormick; and Scott Stanford and Martha MeKeel, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

31. Defendants own and/or operate The Historic Palace Saloon and Restaurant, LLC, an enterprise located in Yavapai County, Arizona doing business as The Palace Restaurant and Saloon in Prescott, Arizona.

32. Plaintiff was hired by Defendants as a cook and worked for Defendants between approximately April 2020 and approximately July 2020.

33. Defendants, in their sole discretion, agreed to pay Plaintiff $15.00 per hour for all hours he worked.

34. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 30 to 40 hours per week.

35. Plaintiff left his employment with Defendants in July 2020.

36. At that time, Plaintiff was still owed a paycheck for his final week of work, approximately 30 hours.

37. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of employment.

38. Shortly after his final workweek of employment with Defendants, Plaintiff texted with Defendant Scott Stanford regarding the status of the paycheck he was owed for his final week of work.

39. Rather than providing his final paycheck, Defendant Scott Stanford refused to provide his final paycheck and intimated that Plaintiff was no longer welcome on the restaurant premises.

40. Plaintiff never heard back from Defendants regarding his final paycheck and whether or not the check was available to be picked up.

41. Plaintiff has still not received his final paycheck from Defendants.

42. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

43. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants violated 29 U.S.C. § 206(a).

44. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants have violated the AMWA, A.R.S. § 23-363.

45. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants have violated the AWA, A.R.S. § 23-351.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Plaintiff is a covered employee within the meaning of the AMWA.

48. Plaintiff is a covered employee within the meaning of the AWA.

49. Plaintiff was a non-exempt employee.

50. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

51. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

-9-

to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

57. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

58. Defendants' practice of willfully and improperly refusing to pay Plaintiff his paycheck for his final week of work violated the FLSA, 29 U.S.C. § 206(a).

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Wiggs, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

-11-

62. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff for his final week of work.

63. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Wiggs, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES OWED**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final workweek of his employment.

67. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

68. Plaintiff is therefore entitled to compensation for all applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Grant Wiggs, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 4th Day of November, 2020.

                BENDAU & BENDAU PLLC

                By: /s/ *Christopher J. Bendau*
                Clifford P. Bendau, II
                Christopher J. Bendau
                *Attorney for Plaintiff*